

| Lori E. Lightfoot | DEPARTMENT OF LAW • APPEALS DIVISION | Mark A. Flessner |
|---|---|---|
| Mayor | CITY OF CHICAGO | Corporation Counsel |

March 3, 2020

**VIA E-FILING**

Andy Kohn
Acting Clerk of the Court
United States Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Chicago, IL  60604

Re:   City of Chicago v. Barr, Nos. 18-2885 & 19-3290 (consol.), response to letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Kohn:

Chicago responds to the citation of New York v. U.S. Department of Justice, No. 19-267 (2d Cir. Feb. 26, 2010).  That decision is incorrect.

The court located authority for the section 1373 condition in 34 U.S.C. § 10153(a)(5)(D)'s requirement that an applicant "include in its application '[a] certification, made in a form acceptable to the Attorney General' stating that 'the applicant will comply with all provisions of this part *and all other applicable Federal laws*.'"  Op. 36.  The court concluded the Attorney General may choose any federal law he deems "applicable" as a condition.  Op. 37.  The Attorney General has never advanced this extraordinary reading of the "form" provision as conditioning authority and has forfeited it.  Indeed, this court held that provision is not conditioning authority.  City of Chicago v. Sessions, 888 F.3d 272, 283-84 (7th Cir. 2018).

Moreover, "applicable federal laws" refers only to laws applicable to federal grants and grantees.  Congress did not grant power to abrogate its formula scheme through ancillary language concerning certifications' form.  See Chicago 18-2885 Br. 18-23.

The Second Circuit declined to decide whether section 1373 is facially unconstitutional, holding it constitutional as applied as a condition.  Op. 50.  That makes no sense.  Section 1373 cannot be an "applicable Federal law" because it is

ActiveUS 178714873v.1

unconstitutional as a standalone requirement, see Chicago 18-2885 Br. 23-26. Moreover, authorizing a "form" for certifying compliance with "applicable Federal laws" does not authorize a condition barring recipients from prohibiting their employees from communicating with immigration officials.

The Second Circuit also held the notice and access conditions authorized by section 10153(A)'s provisions regarding "programmatic and financial" information and "coordination with affected agencies." Op. 63-73. The Attorney General forfeited reliance on these phrases. Regardless, they grant no conditioning authority. See Chicago 19-3290 Br. 33-34.

Finally, the Second Circuit's decision demonstrates why programwide injunctions are necessary. Every other court has held the conditions unlawful. The APA avoids the problem of inconsistent relief on the same program by requiring courts to "set aside" unlawful agency action. 5 U.S.C. § 706(2).

Please provide this letter to the panel (Judges Rovner, Bauer, and Manion).

                                          Sincerely,

                                          /s Justin A. Houppert
                                          Justin A. Houppert
                                          Senior Assistant Corporation Counsel
                                          Counsel for Plaintiff-Appellee
                                          (312) 744-0468
                                          justin.houppert@cityofchicago.org

**CERTIFICATE OF COMPLIANCE**

I certify that the above letter complies with the word limitation provided in Fed. R. App. P. 28(j). The body of this letter, beginning with "Chicago responds" and ending with "Sincerely" contains 350 words as recorded by the word count of the Microsoft Word word-processing system used to prepare the letter.

s/ Justin A. Houppert<br>Justin A. Houppert, Attorney

**CERTIFICATE OF SERVICE**

The foregoing Letter Pursuant to Fed. R. App. P. 28(j) has been electronically filed on March 3, 2020. I certify that I have caused the foregoing letter to be served on all counsel of record via CM/ECF electronic notice on March 3, 2020.

s/ Justin A. Houppert<br>Justin A. Houppert, Attorney